

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 13, 2017**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| Ayr Logistics Limited Inc., ) | |
| ) | Case No. 14-34940-bjh-7 |
| Debtor. ) | |
| ) | |
| ) | |
| Jeffrey H. Mims, Chapter 7 Trustee for ) | |
| Ayr Logistics Limited Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proceeding No. 16-03140 |
| ) | |
| Ayr Property Development AD and ) | |
| Torier Partners Limited, ) | |
| ) | |
| Defendants. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On this day, Jeffrey H. Mims, the Chapter 7 Trustee (the "Trustee") for Ayr Logistics Limited Inc. (the "Debtor") and Ayr Property Development AD ("APD", and together with the Trustee, the "Parties") announced to the Court through their attorneys of record that they are in

agreement on all issues of fact and the application of law to those facts, and thereafter announced to the Court their agreement that the Trustee shall recover judgment against APD. The Court has considered the agreement announced to the Court by the Parties and is of the opinion that judgment should be rendered for the Trustee against APD in accordance with the agreement of the Parties. Accordingly, the Court hereby makes the following findings of fact and conclusions of law. All findings of fact, where appropriate, may also be construed as conclusions of law, and vice versa.

## I. FINDINGS OF FACT

### A. The Parties.

1. The Trustee was duly appointed on October 10, 2014, by the U.S. Trustee, as the chapter 7 trustee in the Debtor's chapter 7 bankruptcy case (the "Chapter 7 Case"). The Trustee is vested with, among other things, the power to investigate the acts, conduct, assets, liabilities, and financial condition of Ayr Logistics Limited Inc.

2. Defendant APD is a Bulgarian joint stock company with its principal place of business at Targovishte, Republic of Bulgaria.

3. The Debtor's business involved coordinating projects overseas, and APD, a wholly-owned subsidiary of the Debtor, is currently in an insolvency proceeding in Bulgaria.

4. Maria Nakova is the duly-authorized representative of APD.

### B. The Asset Claim, the ASP2 Claim, and the ASB Claim.

5. On March 28, 2012, the Debtor entered into that certain *Agreement* with ASP2 and Asset (the "March 28 Agreement"), which provides in section 3 that the Debtor "acquire[d] and assume[d] and enter[ed] into to the rights of ASP2 and Asset as defined in the Reorganization Plan for APD [(the "Reorganization Plan")] . . . ."

6. Any disputes arising from the March 28 Agreement, including interpreting the wills of the parties thereto, the validity of the march 28 Agreement, and the fulfillment of the parties' obligations under the March 28 Agreement are, pursuant to section 6(b) of the March 28 Agreement, to be determined by "the competent court having jurisdiction over the principal place of business of [the Debtor]." On May 27, 2013, APD, pursuant to that certain *Agreement* (the "APD Agreement"), agreed to be bound by the jurisdiction provision in the March 28 Agreement.

7. The March 28 Agreement provides that ASP2 "shall render their agreement with ASB for the transfer of the AR from the sale price of the transaction for the sale of the Silver Beach investment enterprise dated 10th December 2009 [(the "ASB AR Agreement")], null and void by reason of ASB's default on making the payment of such price as agreed."

8. On March 29, 2012, and in furtherance of the March 28 Agreement, ASP2 and Asset individually executed that certain *Endorsement of Share Transfer* (accordingly, the "ASP2 Endorsement" and "Asset Endorsement"), pursuant to which ASP2 and Asset each "transfer[ed] over to [the Debtor] and place[d] at the disposal of [the Debtor] all our rights enforceable against [APD], being an investment enterprise of [the Debtor] . . . ."

9. On November 19, 2012, in furtherance of the March 28 Agreement, ASP2, pursuant to the *Notice of Cancellation of Agreement* (the "Notice of Cancellation"), gave notice to ASB that the ASB AR Agreement was null and void by reason of ASB's default on making the payment of such price as agreed.

10. Also on November 29, 2012, pursuant to that certain *Statement of Confirmation* (the "Statement of Confirmation", and together with the March 28

Agreement, the ASP2 Endorsement, the Asset Endorsement and the Notice of Cancellation, the "APD Claims Transfer Agreements"), ASP2 gave notice to the Debtor that it had nullified and voided the ASB AR Agreement and that it unconditionally and irrevocably:

> [c]oncede[d] to [the Debtor] our rights as creditors of APD and all the rights we hold in accounts receivables owed to us arising from the price payable in sale and purchase transaction for the lands and the business of the Silver Beach enterprise under the agreements signed among us, as said rights were agreed in the four-partite agreement of 9th December 2009 parties to which are [the Debtor], [APD], [ASB] and [ASP2].

11. On February 2, 2016, the Trustee was notified by the APD Trustee and the Committee of Creditors for APD (the "Committee") that the Debtor's Estate was recognized as the holder of the APD Claims. The APD Trustee prepared two lists of creditors of APD, one dated as of July 9, 2014, and the other dated as of January 29, 2016, both of which show the Debtor's Estate as the holder of the APD Claims.

## CONCLUSIONS OF LAW

A. **Jurisdiction, Venue, and Authority**

12. This Court has jurisdiction over the Trustee's Complaint against APD pursuant to 28 U.S.C. §§ 157 and 1334. This court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

13. On June 17, 2016, the Court entered its *Order Granting Trustee's Expedited Motion to (I) Enforce the Protection of the Automatic Stay and (II) Confirm the Jurisdiction of the Bankruptcy Court to Determine Property of the Estate* [Bankr. Dkt. No. 35] (the "Jurisdiction Order"). Paragraph 7 of the Order provides that "[p]ursuant to 28 U.S.C. §§ 1334(e) and 157(b)(2)(B), 11 U.S.C. §§ 105(a) and 541, this Court has exclusive jurisdiction to determine the ownership of" property of the Debtor's Estate. The Complaint

concerns the Debtor's ownership of claims, and therefore implicates this Court's exclusive jurisdiction concerning property of the Debtor's estate.

14. This adversary proceeding constitutes a "core" proceeding as defined in 28 U.S.C. § 157. The Trustee and APD have both consented to the entry of final orders and judgments by this Court pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

15. Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises under and in connection with a case pending under title 11 of the United States Code (the "Bankruptcy Code") pending in this District.

16. As a result of APD Claims Transfer Agreements, APD is indebted to the Debtor for Asset Claim in the amount of BGN 25,664,247.66.

17. As a result of APD Claims Transfer Agreements, APD is indebted to the Debtor for ASP2 Claim in the amount of BGN 59,839,167.67.

18. As a result of APD Claims Transfer Agreements, APD is indebted to the Debtor for ASB in the amount of BGN 50,700,012.36.

19. An agreed final judgment shall be entered and docketed separately.

### END OF FINDINGS AND CONCLUSIONS ###

**AGREED AS TO FORM AND SUBSTANCE:**

| | |
|---|---|
| */s/ Shivani Shah* | _____ |
| Kristian W. Gluck (SBT 24038921) | Attorney Maria Gavrilova Nakova |
| Timothy S. Springer (SBT 24088460) | Admitted to Sofia Bar, Bulgaria |
| Shivani Shah (SBT 24102710) | Personal No 1100259610 |
| NORTON ROSE FULBRIGHT US LLP | 4 Sevast Ognyan, 2140 Botevgrad 2140, Bulgaria |
| 2200 Ross Avenue, Suite 3600 | +359 888 792 626 |
| Dallas, Texas  75201-7932 | Mg_nakova@yahoo.com |
| Telephone:  (214) 855-8000 | |
| Facsimile:  (214) 855-8200 | |
| kristian.gluck@nortonrosefulbright.com | |
| tim.springer@nortonrosefulbright.com | |
| shivani.shah@nortonrosefulbright.com | |
| | COUNSEL FOR DEFENDANT |
| COUNSEL FOR THE TRUSTEE | AYR PROPERTY DEVELOPMENT AD |

**AGREED AS TO FORM AND SUBSTANCE:**

/s/ Shivani Shah
Kristian W. Gluck (SBT 24038921)
Timothy S. Springer (SBT 24088460)
Shivani Shah (SBT 24102710)
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
kristian.gluck@nortonrosefulbright.com
tim.springer@nortonrosefulbright.com
shivani.shah@nortonrosefulbright.com

COUNSEL FOR THE TRUSTEE

Attorney Maria Gavrilova Nakova
Admitted to Sofia Bar, Bulgaria
Personal No 1100259610
4 Sevast Ogryan, 2140 Botevgrad 2140, Bulgaria
+359 888 792 626
Mg_nakova@yahoo.com

COUNSEL FOR DEFENDANT
AYR PROPERTY DEVELOPMENT AD

28789126.1